PHILIP O. PARTRIDGE v. FRANK S. STERLING AND WILLIAM C. STERLING.

*Principal and agent—Authority of agent—Question for jury.*

1. In this case the question of fact in issue is held to have been properly submitted to the jury, and the Court cannot say that they did not reach the truth of the matter in dispute.

2. Where the existence of plaintiff's claim depends upon an alleged arrangement had with the defendants, as testified to by plaint- iff and his wife, and the defendants are entitled to a verdict by the direction of the court if such testimony falls short of establishing such a state of facts as in *law* entitles the plaintiff to recover, and there is no dispute as to the facts testified to by said witnesses the question raised is as to their sufficiency

in law to support a judgment, and an instruction that they are sufficient, if believed, to warrant a recovery, is not open to objection.

Error to Alcona. (Simpson, J.) Argued January 17, 1890. Decided January 24, 1890.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*C. R. Henry,* for appellants.

*Depew & Rutherford,* for plaintiff.

MORSE, J. The plaintiff in this suit claims that he advanced the sum of $250 to one W. S. Hungerford, an agent of the defendants, to purchase poles for them, and that he was authorized to make such advance and loan to Hungerford by one of the defendants, and that such loan was made, not to Hungerford, but to the defendants, for which loan he received from Hungerford the following paper:

"MIKADO, MICH., March 2, 1887.

"Received from Philip O. Partridge the sum of two hundred and fifty dollars, as a loan for F. S. Sterling & Co.                    W. S. HUNGERFORD."

The defendants compose the firm of F. S. Sterling & Co., and admit that they had a contract with W. S. Hungerford in relation to the purchase of the poles, but deny that he had any authority to borrow money on their account of plaintiff, or that they, or either of them, ever authorized the plaintiff to advance him any money on their account, or in the business of buying poles. In the circuit court for the county of Alcona, the plaintiff obtained verdict and judgment for the full amount of his claim, and the jury found specially that the defendants understood that they had authorized plaintiff to advance money to Hungerford to an indefinite amount and make them chargeable therefor.

The principal assignment of error is that there was no testimony to support plaintiff's claim, and a verdict should have been directed, as requested by defendants, in their favor. The plaintiff's claim was supported by the testimony of himself and his wife, and some corroborating circumstances, while Hungerford gave evidence that he borrowed this money on his own account. We think the issue between the parties was properly submitted to the jury. The poles purchased by the money advanced by plaintiff were turned over to defendants by Hungerford in the usual course of his business with them. The defendants denied ever giving the plaintiff any authority to loan Hungerford any money, but this conflict of fact was a question for the jury to determine, and we cannot say they did not reach the truth of the matter in dispute.

It is also objected that the court erred in stating that if they found the testimony of plaintiff and his wife to. be true the plaintiff could recover, as such instruction determined the sufficiency of the evidence, which was a question for the jury. But in this case the claim of the plaintiff depended upon the arrangement or agreement he had with the defendants, as testified to by himself and wife. If this testimony fell short of establishing such a state of facts as in law would enable plaintiff to recover, the defendants were entitled to a verdict by the direction of the court. This the defendants claimed was the case, and asked the court to so determine. There was no dispute as to the facts testified to by them. The question raised was as to their sufficiency in law to support a judgment. The court, in effect, charged the jury that they were sufficient, if believed, to warrant a recovery. There was no error in this.

The judgment is affirmed, with costs.

The other Justices concurred.